# MEMORANDA

## OF

# CASES NOT REPORTED IN FULL.

MARIAM CAMPBELL, Respondent, v. DENIS HUBBARD AND PEARL LEWIS, Administrators, etc., of SYBIL CHITTENDEN, Deceased, Appellants.

*Evidence — when inadmissible as calling for a personal communication with a deceased person — Code of Civil Procedure, sec. 829.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of referee upon a statutory reference.

The plaintiff alleged that she rendered services to Sybil Chittenden for a period of about six years, and up to the time of her decease, in nursing and caring for her in her illness.

The court at General Term after considering other questions said : " The plaintiff, however, was permitted notwithstanding the objections of the defendants to testify as to the condition and action of the intestate after she was taken sick ; and who was with her during her sickness other than the plaintiff ; the plaintiff's counsel claiming that it was competent for the plaintiff to testify to what she saw and observed of the intestate, and of the presence or absence of others.

" Within the case of *Holcomb* v. *Holcomb* (95 N. Y., 325) we think this was error. The plaintiff sought to recover as upon a *quantum meruit* for services rendered to an invalid. The invalid condition was needful to be shown, as showing the occasion for the services. Its duration and continuousness were material as showing the amount of time given to the service. Its severity was material as showing the care and attention required and thus the value of the services. The presence or absence of others was material as showing the exclusive dependence of the invalid upon the plaintiff, and thus the amount of service and the length in time thereof. Connected with other evidence the importance of all this testimony is very manifest. The referee was thus aided by the testimony of the

plaintiff to determine the extent and nature and value of the personal transactions between the plaintiff and deceased. Her claim rested upon her personal transactions with the deceased, and her evidence tended to prove them. Section 829 of the Code of Civil Procedure inhibits the testimony.

"The judgment should be reversed, the referee discharged, a new trial granted, costs to abide the event."

*Wm. Lounsbery*, for the appellants.

*Griswold & Crowell*, for the respondent.

Opinion by LANDON, J.; LEARNED, P. J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Judgment reversed, new trial granted, referee discharged, costs to abide event.